Nobris, J:
This case reaches this court by petition in error. Defendant in error Robert Lewis, who was the plaintiff below, filed his petition in the court of common pleas of this county against Ebenezer F. Davis, the plaintiff in error here, in which he claims that in August, 1889, before one of the justices of the' peace of this county, he procured an order of attachment in a case there pending, wherein he was plaintiff and Aultman, Miller & Company was defendant. Such proceedings were had m that case, that Davis was served with notice in garnishment, and answered as garnishee. Lewis obtained a judgment against Aultman,Miller & Company,and Davis was ordered by the justice of peace to turn over certain property consisting of a self-binding reaper and one mower, which the court found he had in his possession, the property of Aultman, Miller & Company, to be sold to satisfy the judgment. This order, it is alleged, Davis refused to obey, and the judgment has never been paid in full. The prayer of the petition is for a judgment against Davis for the amount of the value of the property which had been found to be in his hands as garnishee.
To the amended petition, defendant filed a demurrer which was overruled. Defendant then answered and alleges, that about July, 5, 1889, a copy of the order of attachment in' the case of Lewis v. Aultman, Miller & Company, was served on him; that on that day he had in his possession a self-binder reaping machine and a mower, the property of Aultman, Miller & Company; that this property was of a character and at such a place that it could have been come at and seized by the constable serving the writ; that at said time he told the constable, that he had the property, and that neither the constable, nor the justice of peace, at any time while he had possession of the property, ordered him to retain the property in his possession, and the officer failed to seize or take possession of the same; and *140 that on the 20th of August, 1889,when the justice of peace ordered him to turn over the property, he no longer had it in his possession, and was not able to comply with the order.
He says that on the ninth of September, 1889, in an action pending in the common pleas of this county, commenced by Aultman, Miller & Company, an injunction issued restraining Lewis from enforcing.his judgment; which injunction, on November 12th, 1889, was dissolved and discharged. That this action was commenced on March 15, 1889, and more than four years having elapsed since the dissolution of said injunction and before the commencement of this case, plaintiff’s cause of action against defendant is barred by the statute of limitations; all else in the amended petition defendant denies. Plaintiff avers in his reply, that notice was given to Davis to hold the property .in his possession as garnishee until the final determination of that suit; that Davis did have the property on August 20th, 1889, and that the constable could not get possession of the property when he served Davis, defendant, with notice as garnishee. When this case came on for trial in the court of common pleas of this county, a jury was waived on all issues except that of the value of the property for which it is alleged Davis is liable as garnishee. The other issues presented by the pleadings were submitted to the court upon the pleadings and evidence. The jury gave its verdict as to the value of the property, and the court made its finding in favor of the plaintiff. Defendant’s motion for a new trial was not allowed, and judgment was rendered for the plaintiff. Davis, the defendant below, prosecutes error. The errors complained of are: Error in overruling the demurrer to the amended petition. Error in the admission of evidence over plaintiff in error’s objection, and in the rejection of evidence offered by plaintiff below; and because the de *141 cisión and finding and judgment of the court is not sustained by the evidence, and is contrary to the law of the case.
As to the first objection, the overruling of the demurrer to plaintiff’s amended petition, without entering into detail, we are of the opinion that the amended petition states a good cause of action, ’and that there was no error in overruling the demurrer.
It is conceded that Aultman, Miller & Company, at the time the proceedings in the case of Robert Lewis v. Aultman, Miller & Company were had before the justice of peace,was a resident of Allen county, and that the jurisdiction of the justice to take cognizance of the case and go to judgment in it, rested upon the proceedings in attachment and the garnishment of Davis, and upon those proceedings, and by virtue of them, his liability, if liable at all, depends in the case at bar. The proceedings in attachment and garnishment, by aid of which jurisdiction is obtained in an action against a non-resident defendant being entirely statutory, to render the judgment and proceedings valid, the path marked out by the statute must be strictly followed.
The service of a writ of attachment contemplates that the property against which the writ is directed, must be actually seized by the officer entrusted with the service of the writ. That by steps and methods known to the statute, he must take it into his possession and retain the property in his control, to await the process • of the law by which the attachment may be discharged or the judgment of the court may be executed against the property. Where property sought to be taken into the arms of the law by proceedings in attachment is intangible, or if it is so situated that the officer who is commanded to seize it under the writ cannot obtain possession of it, then such steps are taken as fasten the property in the hands of the person *142 who has possession or control of it, to await the judgment in the case, or such person is required to place it in the hands of the court.
The return of the constable,in the case of Lewis v. Aultman, Miller & Company, is that he “could find no personal property to attach, except property claimed to be held by E. F. Davis as agent of defendant.” This return does not show or tend to show that the property Davis then held as agent could not have been seized by the officer; upon the contrary, the disclosure of the garnishee by his answer and the testimony in this case point to the one conclusion, that the property was of such character and was so situated that the officer could have taken it into possession when he served the writ, or at any time after, up to the rendition of judgment.
This being the case, the statute clearly pointed out the manner in which the service must be made in order to clothe the court with jurisdiction to proceed to judgment against the non-resident debtor. And to pursue any other course, and to base a judgment upon any other manner of service than the service that the statute declares necessary to jurisdiction, clearly makes the action of the court of no avail,and its judgment without character or force.
In a proceeding in attachment, where any person has property of defendant in his possession, and the officer cannot get possession of the property, he then leaves with such person, or at his usual place of residence, a copy of the order of attachment, and serves him in like manner with written notice to appear before the justice at the return day of the order to answer under oath all questions put to him touching the property so in his possession.
The garnishee in this case, in obedience to the notice in garnishment, did appear before the justice, and did answer, and did disclose that he had in his possession, of the property of the defendant Aultman,Miller & Company, the reaper *143 and binder and the mower. This being done, it became the .duty of the justice to order the-delivery of the property so in the garnishee’s possession into court; or if he permitted the garnishee to retain possession of the property, the court must require an undertaking from the garnishee that the property would be forthcoming to meet the judgment of the court. Either the one or the other of these steps must be taken when the disclosure is made, in order to retain jurisdiction of the property and to authorize the case to proceed to judgment; and if neither the one nor yet the other is required,no jurisdiction of the property is had, nor is jurisdiction of the cause retained.
If the garnishee fail to appear and answer, or if he fail to bring the property into court if so ordered, or if he fail to give the undertaking if so required, then the plaintiff may proceed against him by action in his own name for the value of the property.
Had this property been of such character, or at such place, that the officer could not get possession and make physical seizure, how stands it with the further procedure in this case, having in mind always that the lines of the statute must be strictly followed.
There was no order to turn the property into court; there was no order made requiring an undertaking that it be forthcoming to abide the judgment of the court. But the garnishee was ordered to retain the property in his possession until the final disposition of the case; and in the event of judgment for plaintiff, to turn it over to the constable, to whom an order of sale might issue in the case.
So that the property was to await a judgment, in the hands of one who had no authority to retain it; to await the event of a suit which could not proceed to judgment unless the property was in the arms of the law by methods which the statute provided.
Gable & Parmenter, for Plaintiff.
Ohler & Hoagland, for Defendant.
By thus failing to either require the property brought into court, or that an undertaking be given that it wquld be forthcoming, the court lost jurisdiction of the property, and the garnishee was discharged from liability.
So that for both reasons, because the property ■ was the subject of physical seizure and could have been taken into the possession of the officer, at the time of the service of the writ, and was not taken; and because, had it not been of such character, jurisdiction ovei it'was lost for want of a proper order in relation to it, this garnishee ought not to be required to respond to plaintiff’s action.
The action in this case is a liability created by statute. It is not in the nature of a forfeiture or a penalty, and six years not having elapsed since the time the alleged cause of action accrued, the statute of limitations does not bar the action.
In the face of the various phases of the case, as the rec, ord discloses them, we find that all of the errors assigned are well taken, except that of overruling the demurrer to the amended petition.
The judgment is therefore reversed, the verdict of the jury set aside at the costs of defendant in error, and upon the controverted facts as they are shown by the record, the court proceeds to render the judgment which the court below should have rendered, in favor of the defendant below.